FILED
SUPERIOR COURT
OF GUAM

2025 JUL 11 PM 4: 39

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| EUNMI PARK and GREENCORP, | **CIVIL CASE NO. <u>CV0337-24</u>** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER GRANTING MOTION TO DISMISS** |
| LINE CORPORATION and CHANGSEOK AN, | |
| Defendants. | |

Defendant Line Corporation moves to dismiss all charges against Defendant Changseok An for failure to timely serve process upon An under Guam Rule of Civil Procedure 4(m). Plaintiffs Eunmi Park and Greencorp argue that Rule 4(m) exempts service in a foreign country from the 90-day deadlines and requests Line be sanctioned under Rule 11. Upon review of the supporting materials, the Court GRANTS Line's Motion to Dismiss and DENIES Plaintiffs' request to impose sanctions.

## I.    <u>PROCEDURAL BACKGROUND</u>

After filing their Complaint, Plaintiffs requested An waive service of process. Plaintiffs sent the waiver request to An's last known address as stated in Line's corporate filings with the Government of Guam. Mot. Dismiss Hr'g (June 12, 2025). Plaintiffs state that they relied on this address because Line's Initial Disclosures represented that An's address was "unknown." Decl. Leevin Camacho in Supp. Opp'n Mot. Dismiss at 2, Ex. A (May 6, 2025).

Per Rule 4(d)(1)(f), Plaintiffs had to wait sixty days for the return of the waiver. The waiver request was returned with information that the address was invalid. Mot. Dismiss Hr'g.

After this, Plaintiffs attempted to retain a firm to assist with foreign service, but first needed to translate the Summons and Complaint as required under the Hague convention. *Id.* Translations were completed on or about March 24, 2025. Opp'n Mot. Dismiss Def. Changseok An at 3; Decl. Leevin Camacho in Supp. Opp'n Mot. Dismiss at 2.

Plaintiffs contend they then had to threaten Line with a motion to compel to get An's mailing address. Decl. Leevin Camacho in Supp. Opp'n Mot. Dismiss at 2. On April 3, 2025, Plaintiffs mailed the original and translated documents via registered mail to South Korea's designated Central Authority. Opp'n Mot. Dismiss Def. Changseok An at 3-4; Decl. Leevin Camacho in Supp. Opp'n Mot. Dismiss at 2.

Line argues that Plaintiffs always had access to An's address because it was on the Korean Judgment, however Plaintiffs state that the address Line provided is different from the address in the Korean Judgment. Line Corp.'s Reply in Supp. Mot. Dismiss Def. Changseok An at 3 (May 20, 2025); Mot. Dismiss Hr'g.

## II.    LAW AND ANALYSIS

### A. Failure to Serve Process

Rule 4(m) states that "if a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own initiative after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time [...] This subdivision does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." Line argues that under Rule 4(m), the Court must dismiss this action against An because he was not served within ten months after filing the Complaint. Line Corp.'s Reply in Supp. Mot. Dismiss Def. Changseok An at 1. Plaintiffs counter that An resides in South Korea

and this Rule explicitly exempts service in a foreign country from the 90-day deadline. Opp'n Mot. Dismiss Def. Changseok An at 1.

The Court recognizes that under Rule 4(m), the exception to the 90-day service requirement for service of individuals living in foreign countries applies to An. However, "the amount of time allowed for foreign service is not unlimited." *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). Courts have found it proper to set a reasonable time limit to serve foreign parties or dismiss actions if attempts at service have not been made or a plaintiff is "dilatory." *Id.; Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015); *Feliz v. MacNeill*, 493 Fed. Appx. 128, 131 (1st Cir. 2012). Courts have found that this rule authorizes a dismissal without prejudice if the plaintiff has failed to demonstrate "reasonable diligence" in attempting service. *Lozano v. Bosdet,* 693 F.3d 485, 489 (5th Cir. 2012).

Here, the Court finds a substantial gap of time between when the Complaint was filed and when a request was made to Line for An's address—a gap of about seven months from July 30, 2024, and March 2025. Plaintiffs assert that they required sixty days to attempt to receive waiver of service from An, however, even allocating for this time, there remains a gap of five months from when the waiver of service was due and when further efforts were made to find An's address, specifically, the request made to Line. While the Court recognizes that Plaintiffs have since gone to the effort to comply with the requirements of the Hague Convention, Plaintiffs nonetheless failed to exercise reasonable diligence because of this five-month gap. Plaintiffs also argue that Line directly delayed service on An by failing to provide this address, however, other efforts could have been made by Plaintiffs to gather this information such as hiring an investigator.

Lastly, Plaintiffs stated at the Motion hearing on June 12, 2025, that they submitted the requisite documents for service to Korea's designated Central Authority on April 3, 2025, but did not indicate that service has yet to be completed. Most recently, on July 10, 2025, Plaintiffs received notice that service was not accomplished by Korean authorities. At this point, the Court does not believe it is reasonable to continue efforts to serve An, particularly given the impending trial date. For these reasons, the Court finds that Plaintiffs failed to serve An within a reasonable time and GRANTS Line's Motion to Dismiss An from this matter without prejudice.

### B. Sanctions

Plaintiffs request the Court impose sanctions upon Line under Rule 11 arguing that Line's motion is based on inapplicable law and contributes to unnecessary litigation efforts. Given that the Court grants Line's request, the Court does not find that Line's motion was for improper purposes or unwarranted. Accordingly, the Court DENIES Plaintiff's request to impose sanctions upon Line under Rule 11.

### III. CONCLUSION AND ORDER

The Court finds that Plaintiffs failed to exercise reasonable diligence to timely effectuate service upon An. As such, the Court GRANTS Line's Motion to Dismiss without prejudice and dismisses An as a defendant in this matter. The Court declines to impose sanctions upon Line under Rule 11 as it finds there is a proper purpose behind Line's Motion.

**SO ORDERED, 11 July 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Shannon Taitano, Esq., Camacho & Taitano LLP, for Plaintiffs
Michael J. Berman, Esq., Berman Law Firm, for Defendant Line Corporation